**TOMPKINS, McGUIRE, WACHENFELD & BARRY LLP**
Andrew P. Zacharda, Esq.
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4070
(973) 622-3000
*Attorneys for Aurora Loan Services LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Case No. 09-38410 (KCF) |
| JERRY M. and VANESSA TAYLOR, | CHAPTER 13 |
| Debtors. | |
| JERRY M. and VANESSA TAYLOR, | |
| Plaintiffs, | |
| Vs. | ADV. PROC. NO. 10-1083 |
| AURORA LOAN SERVICES, | Hearing Date: August 25, 2010 |
| Defendant. | |

**CERTIFICATION IN SUPPORT OF**
**MOTION FOR ENTRY OF SUMMARY JUDGMENT**
**PURSUANT TO FED. R. BANKR. P. 7056**

Andrew P. Zacharda being of full age, hereby certifies to the following:

1. I am an attorney-at-law of the State of New Jersey and a partner with the law firm of Tompkins, McGuire, Wachenfeld & Barry, counsel for defendant Aurora Loan Services LLC ("Aurora") in this matter.

2. Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' responses to Aurora's

Interrogatories and Document Demands in this matter.

3.      On or about June 9, 2004, Plaintiffs borrowed $306,850 from Equity Financial, Inc. To secure repayment of the debt, Plaintiffs executed a mortgage in favor of Equity Financial, Inc. (the "Mortgage"), encumbering their real property located at 148 Hamilton Road, Tinton Falls, New Jersey (the "Property"). The Mortgage was recorded in the Monmouth County Clerk's office on July 10, 2004 in Book 8379, Page 9452. A true and correct copy of the Mortgage is annexed hereto as part of Exhibit A and bate-stamped as 00025-00037.

4.      The Mortgage was assigned to Lehman Brothers Bank, FSB by written assignment dated June 9, 2004, and was further assigned to Mortgage Electronic Registration Systems, Inc. by written assignment dated August 2, 2005.

5.      The Debtors defaulted on the payments on the Mortgage. As a result, a foreclosure action was commenced on April 21, 2005, bearing docket no. F-6611-05 (the "Foreclosure Action").

6.      On October 12, 2005, final judgment of foreclosure was entered in the Foreclosure Action.

7.      The Foreclosure Action was then placed on hold in order to allow the Debtors an opportunity to reinstate the Mortgage through loss mitigation programs.

8.      Ultimately the Debtors defaulted on their forbearance plan, and the Property was relisted for Sheriff's Sale.

9.      However, the Debtors filed a Chapter 13 bankruptcy petition on September 24, 2006, which was assigned case no. 06-19093.

10.     Aurora filed a Proof of Claim in that case, listing pre-petition arrears of $71,371.46, and a total amount due of $373,562.22.

11.   As a result of the Debtors' failure to make any post-petition payments on the Mortgage, Aurora filed a motion for relief from the automatic stay on January 9, 2007. The motion was granted by order dated February 8, 2007.

12.   Case no. 06-19093 was then dismissed at the confirmation hearing held on February 28, 2007 based on the Debtors' failure to:

- file required schedules, statements, plan and/or summary;
- make all required pre-confirmation payments to the Trustee;
- file a feasible plan, income and/or budget statement;
- provide evidence of income;

13.   The Property was relisted for Sheriff's Sale on June 4, 2007.

14.   The Debtors filed a second Chapter 13 bankruptcy petition[1] on June 4, 2007, which was assigned case no. 07-17739.

15.   Aurora filed a Proof of Claim in that case, listing pre-petition arrears of $107,742.46, and a total amount due of $406,612.25.

16.   Case no. 07-17739 was dismissed on August 7, 2007, based on the Debtors' failure to:

- make all required pre-confirmation payments to the Trustee;
- provide evidence of income;

17.   The Debtors then filed a third Chapter 13 bankruptcy petition on August 13, 2007, which was assigned case no. 07-21457. In their schedules, the Debtors listed net income of $200.00 per month.

18.   Aurora filed a Proof of Claim in case no. 07-21457, listing pre-petition arrears of $123,483.69, and a total amount due of $445,360.62.

19.   The court entered an order on October 17, 2007, confirming that the Property was not subject to the automatic stay.

---

[1] The Debtors also filed a bankruptcy petition in 1987, bearing case no. 87-1664 (SAS).

20. The Debtors then filed an adversary proceeding to reinstate the automatic stay on October 30, 2007. The automatic stay was reinstated by order entered on November 20, 2007. The order further provided that:

> 1. In the event the case is dismissed, any subsequent filings by the Debtor(s), Jerry M. Taylor and Vanessa H. Taylor, their heirs, assigns or successors shall not impose a stay against, AURORA LOAN SERVICES, INC. as servicer for MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., its assigns or successors, by virtue of this order.

21. On May 29, 2009, the Chapter 13 Trustee filed a motion to dismiss case no. 07-21457 on the following grounds:

> i. Failure of the debtor(s) to comply with the terms of the Plan, in that all required payments to the Trustee have not been made. Since the inception of the Plan, the debtor(s) is/are in arrears $800.00. This information is current up to and including the date of mailing this certification.
>
> ii. The Plan specifies non-exempt proceeds to the Trustee from sale or refinance of property by 02/15/08. A review of the Trustee's records indicates that the debtor has not complied with said Plan provision.
>
> iii. The last payment received by the Trustee was on 02/05/09 in the amount of $1,000.00.

22. The Trustee's motion was granted by order entered June 25, 2009.

23. The Property was relisted for Sheriff's Sale on October 26, 2009.

24. On October 25, 2009, the Debtors filed the instant Chapter 13 petition -- their fourth since September 2006.

25. Since the automatic stay was annulled in the prior bankruptcy case, the Sheriff's Sale proceeded as scheduled on October 26, 2009. The plaintiff in the Foreclosure Action was the

4

successful bidder at the Sheriff's Sale, and assigned its bid to Aurora.

26. Aurora took title to the Property by Deed dated November 10, 2009, and recorded in the Monmouth County Clerk's office on December 16, 2009 in Book 8811, Page 7948.

27. The instant case was dismissed by order dated December 21, 2009, then reinstated by order dated February 25, 2010.

28. Plaintiffs' counsel sent correspondence to Aurora, dated November 19, 2009, purporting to be a "Qualified Written Request" pursuant to 12 U.S.C. §2605 (e). A true and correct copy of the purported QWR is annexed hereto as part of Exhibit A and bate-stamped as 0008-00011.

29. The purported QWR was responded to by letter dated January 5, 2010. A true and correct copy of the response to the purported QWR is annexed hereto as part of Exhibit A and bate-stamped as 00012-00024.

30. Notwithstanding the response to the purported QWR and notwithstanding the previous dismissal of the underlying bankruptcy case, Plaintiffs filed the within adversary proceeding on January 22, 2010.

I hereby certify that the above statements by me are true. I recognize that if any are willfully false, I am subject to punishment.

Dated: August 4, 2010                                /s/Andrew P. Zacharda
                                                     Andrew P. Zacharda